## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MOTIVATION DESIGN, LLC (d/b/a KURGO PRODUCTS),<br><br>               Plaintiff,<br><br>   v.<br><br>KRUNCO PRODUCTS LLC,<br><br>              Defendant. | Civil Action No. 15-cv-13293<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff Motivation Design, LLC, (d/b/a Kurgo Products) (hereafter "Kurgo"), by and through its counsel, sets forth and alleges the following Complaint against Defendant Krunco Products LLC (hereafter "Krunco" or "Defendant"):

### Nature of this Action

1.      This is an action for federal trademark infringement pursuant to Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a); federal unfair competition and false designation of origin pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); unfair and deceptive trade practices pursuant to the Regulation of Business Practices for Consumers Protection 93A M.G.L. § 1 *et seq*; common law trademark infringement; and cancellation of U.S. Trademark Registration No. 4,375,568 pursuant to Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

### The Parties

2.      Motivation Design, LLC, (d/b/a Kurgo Products) is a Delaware limited liability company with its principal place of business at 2D Fanaras Drive, Salisbury, Massachusetts 01952.

3.     Defendant Krunco Products LLC is, upon information and belief, a Delaware limited liability company with its principal place of business at Kejian Building, Tsinghua Science Park, Haidian, Beijing 100084, China.

## Jurisdiction and Venue

4.     This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b). This Court has supplemental jurisdiction over the pendant state law claims pursuant to 18 U.S.C. §1367(a).

5.     Venue and personal jurisdiction are proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1391(c) and 15 U.S.C. § 1121, since, *inter alia*, a substantial part of the events giving rise to the claims occurred in this district, and Defendant has promoted its goods on the Internet and, upon information and belief, sold products to residents of Massachusetts.

## General Allegations – Kurgo's Trademark

6.     Kurgo has been designing, producing, and selling pet accessories and pet products since 2005. Particularly relevant to this action, Kurgo sells travel and outdoor accessories and products for dogs, including carriers, backpacks, travel pet bowls, booster seats, car seat protection, barriers, and jackets and coats (hereinafter referred to as "travel products for dogs").

7.     At least as early as December 31, 2005, Kurgo began using the KURGO trademark on and in association with its travel products for dogs throughout the United States and has continuously and extensively marketed and sold such products under the KURGO mark since that date.

8.     Kurgo is the sole and exclusive owner of three federal registrations for its KURGO trademark, registered with the United States Patent and Trademark Office ("USPTO"), namely, Reg. Nos. 3,415,782, 4,316,394, and 4,715,157. All three registrations are valid and subsisting. Copies of

the USPTO records reflecting the current status and title of the registrations are attached as Exhibit A.

9.     Kurgo also owns strong common law trademark rights in its KURGO mark in connection with travel products for dogs.

10.     For over a decade Kurgo has been selling and promoting its travel products for dogs under the KURGO trademark nationally and internationally to retailers, including large and small pet supply stores, distributors, and end consumers, through brick-and-mortar stores, online retailers, and the e-commerce platform on its website, www.kurgo.com.

11.     Kurgo has invested a significant amount of time, effort, and resources promoting the KURGO mark and establishing strong goodwill in the mark.

12.     An example of Kurgo's use of its KURGO mark on a car door guard follows:



<u>General Allegations – Defendant's Unlawful Activity</u>

13.     Defendant advertises, offers to sell, sells, and/or distributes travel products for dogs.

14.     On information and belief, Defendant began using the mark KRUNCO in connection with travel products for dogs long after Kurgo began use of its KURGO mark.

15.     An example of Defendant's use of its KRUNCO mark on a car door guard follows:



16.     Defendant's products marketed and sold under the KRUNCO mark are sold in the same channels of trade as, and are in direct competition with, the products marketed and sold by Kurgo under its KURGO mark.

17.     Upon information and belief, Defendant's commercial activities under the KRUNCO mark have occurred throughout the United States, and advertising and promotional activities have been directly targeted to potential customers in Massachusetts and this judicial district.

18.     Defendant has used the KRUNCO mark on its website, www.krunco.com; its product packaging; and its advertising and promotional materials. On information and belief, such commercial activity extends throughout the United States.

19.     Defendant adopted the KRUNCO mark to trade upon the well-established goodwill and impeccable business reputation represented by Kurgo's KURGO trademark.

20.     Defendant intentionally attempts to draw associations between Kurgo and Defendant. For example, Defendant uses the same color scheme as Kurgo (white on blue) when depicting its mark on infringing travel products for dogs. Further, Defendant uses a similar lowercase typeface as Kurgo when depicting its mark on infringing travel products for dogs. Defendant goes so far as to ape Kurgo's trade name, Kurgo Products, in Defendant's corporate name, Krunco Products LLC.

21.     Defendant is the owner of U.S. Trademark Reg. No. 4,375,568 for the mark KRUNCO for "Pet products, namely, pet restraining devices consisting of leashes, collars, harnesses, restraining straps, and leashes with locking devices" in International Class 18 (the "KRUNCO Registration").

22.     The application that matured to the KRUNCO Registration was first filed on November 28, 2012, and alleged a first use in commerce date of September 12, 2012.

23.     Kurgo commenced use in commerce of its KURGO mark long before Defendant's September 12, 2012 claimed date of first use and its November 28, 2012 filing date.

24.     Defendant's use of the KRUNCO mark is likely to cause confusion, mistake, or deception as to the source, affiliation, or sponsorship of Defendant's products, or to imply Kurgo's association with or sponsorship of the Defendant's products, with consequent harm to Kurgo and its customers.

25.     Defendant's use of the KRUNCO mark has caused actual confusion among Kurgo's customers.

26.     Upon information and belief, Defendant had actual and/or constructive knowledge of Kurgo's ownership of and rights in its federally registered KURGO mark prior to Defendant's use of its infringing KRUNCO mark.

**Count I**
**Infringement of Federally Registered Trademarks**
**under Section 32(1)(a) of the Lanham Act (15 U.S.C. § 1114(1)(a))**

27.     Kurgo hereby incorporates and repeats each allegation set forth in paragraphs 1 through 26 of this Complaint.

28.     Kurgo owns federal and common law trademark rights in KURGO.

29.     Defendant's advertisement, offer to sell, sale, and/or distribution of travel products for dogs bearing the mark KRUNCO violates Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

30.     Defendant's use in commerce of KRUNCO in connection with the sale, offering for sale, distribution, and/or advertising of travel products for dogs is likely to cause confusion, or to cause mistake, or to deceive.

31.     Defendant's use of KRUNCO has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Kurgo for which Kurgo has no adequate remedy at law, including at least substantial injury to the goodwill and reputation for quality associated with the KURGO mark.

32.     On information and belief, Defendant's use of KRUNCO has been intentional, willful, and malicious.

33.     Kurgo is entitled to injunctive relief, and Kurgo is also entitled to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

**Count II**
**Federal Unfair Competition and False Designation of Origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a))**

34.     Kurgo hereby incorporates and repeats each allegation set forth in paragraphs 1 through 26 of this Complaint.

35.     Kurgo owns federal and common law trademark rights KURGO.

36.     Defendant's advertisement, offer to sell, sale, and/or distribution of travel products for dogs bearing the mark KRUNCO violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37.     Defendant's use in commerce of KRUNCO in connection with travel products for dogs is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Kurgo, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Kurgo.

38.     Defendant's use of KRUNCO has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Kurgo for which Kurgo has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the KURGO mark.

39.     On information and belief, Defendant's use of KRUNCO has been intentional, willful, and malicious.

40.     Kurgo is entitled to injunctive relief, and Kurgo is also entitled to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count III**
**Unfair and Deceptive Trade Practices**
**M.G.L. c. 93A**

41.     Kurgo hereby incorporates and repeats each allegation set forth in paragraphs 1 through 26 above.

42.     By reason of the conduct described above, Defendant has engaged in, and continues to engage in, acts of unfair and deceptive competition in violation of Massachusetts law M.G.L. c. 93A, which prohibits unfair and deceptive methods, acts, or practices in the conduct of trade or commerce.

43.     On information and belief, Defendant's actions have been intentional, willful, and malicious.

44.     Kurgo is entitled to injunctive relief, and Kurgo is also entitled to recover Defendant's profits, actual damages, profits and damages, costs, and reasonable attorneys' fees under M.G.L. c. 93A.

**Count IV**
**Trademark Infringement and Unfair Competition**
**Massachusetts Common Law**

45.     Kurgo hereby incorporates and repeats each allegation set forth in paragraphs 1 through 26 above.

46.     As alleged above, Defendant has infringed Kurgo's senior common law trademark rights in its KURGO mark.

47.     Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Kurgo, as to the origin, sponsorship, or approval of Defendant, its products, and its commercial activities by or with Kurgo such that Defendant's acts constitute infringement of Kurgo's proprietary rights in its

KURGO mark, misappropriation of Kurgo's goodwill in its KURGO mark, and unfair competition under Massachusetts common law.

48.     On information and belief, Defendant's actions have been intentional, willful, and malicious.

**Count V**
**Cancellation of U.S. Trademark Registration No. 4,375,568**
**Lanham Act § 2(d) (15 U.S.C. § 1052(d))**

49.     Kurgo hereby incorporates and repeats each allegation set forth in paragraphs 1 through 26 above.

50.     Kurgo has used in commerce and registered its KURGO mark prior to Defendant's September 12, 2012 claimed date of first use and its November 28, 2012 filing date.

51.     Defendant's KRUNCO mark, as used or in connection with the goods identified in U.S. Registration No. 4,375,568, so resembles Kurgo's prior used and registered KURGO mark as to be likely to cause confusion, mistake, or deception as to the source, affiliation, or sponsorship of Defendant's products, or imply Kurgo's association with or sponsorship of the Defendant's products.

**PRAYER FOR RELIEF**

**WHEREFORE,** Kurgo requests this Court to enter judgment against Defendant and grant Kurgo the following relief:

(1)     That Defendant and its officers, directors, agents, employees, licensees, assigns, servants, affiliates, subsidiaries, and all others acting in concert or participation with it be permanently enjoined from:

(a)     Directly or indirectly manufacturing, distributing, selling, advertising, marketing, and offering for sale products in connection with the mark KRUNCO (in all stylizations) and any confusingly similar mark;

(b)     Directly or indirectly using the mark KRUNCO (and any confusingly similar mark) on the Internet, including but not limited to display on any website; and

(c)     Directly or indirectly competing unfairly with Kurgo.

(2)     That Defendant be required to account for and pay over to Kurgo all damages (including actual damages, profits, statutory damages, and prejudgment and post-judgment interests), in an amount no less than the sum of:

(a)     All profits derived by Defendant from its sale of products sold in connection with the mark KRUNCO (and any confusingly similar mark) and from all other activities herein complained of, and that such amount be trebled because of the willful and exceptional acts of infringement and unfair competition described herein and in disregard of Kurgo's known rights;

(b)     All actual damages suffered by Kurgo as a result of Defendant's sale of products sold in connection with the mark KRUNCO (and any confusingly similar mark) from all other activities complained of above;

(c)     The costs for corrective advertising that Kurgo will suffer or incur as a result of Defendant's trademark infringement, unfair competition, and false designation of origin; and

(d)     All profits unjustly or inequitably obtained by Defendant as result of its trademark infringement, unfair competition, and false designation of origin.

(3)     That Defendant be required to deliver up for destruction all advertisements and promotional materials that depict the KRUNCO trademark (or any confusingly similar mark).

(4)     That Defendant be required to deliver up for destruction all products displaying the KRUNCO trademark.

(5)     That Defendant be ordered to surrender for cancellation Defendant's U.S. Trademark Registration No. 4,375,568.

(6)     That Kurgo be granted such other and further relief as the Court deems just and equitable.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.


                                    Motivation Design, LLC (d/b/a Kurgo Products)

Date: September 3, 2015             /s/ Aaron Y. Silverstein
                                    Aaron Y. Silverstein
                                    (BBO No. 660716)
                                    Saunders & Silverstein LLP
                                    14 Cedar Street, Suite 224
                                    Amesbury, MA 01913
                                    Phone: (978) 463-9130
                                    asilverstein@massiplaw.com

                                    **Attorneys for Plaintiff**
                                    **Motivation Design, LLC**
                                    **(d/b/a Kurgo Products)**

11